[970 NYS2d 787]

In the Matter of ANDREW M. JACOBS (Admitted as ANDREW MITCHELL JACOBS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 3, 2013

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy Wu* of counsel), for petitioner.

*Mischel & Horn, P.C.* (*Richard Mischel* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Andrew M. Jacobs was admitted to the practice of law in the State of New York by the First Judicial Department on October 11, 1995, under the name of Andrew Mitchell Jacobs. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

In accordance with 22 NYCRR 603.11, the Departmental Disciplinary Committee seeks an order accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys. Respondent has not responded.

Respondent's affidavit of resignation, sworn to on June 28, 2013, complies with section 603.11 in that he states that his resignation is submitted freely, voluntarily and without coercion or duress, he is fully aware of the implications of submitting his resignation (including that he cannot reapply to the New York bar for seven years), he is aware of a pending disciplinary investigation against him, and if the Committee brought charges predicated upon the misconduct under investigation, he would be unable to successfully defend himself on the merits (*see* 22 NYCRR 603.11 [a] [1]-[3]).

Specifically, respondent acknowledges that he is aware that the Committee is investigating allegations that between March 1, 2011 and July 31, 2012, he failed to preserve client funds in an escrow account, commingled the account funds, withdrew cash from the account, and failed to properly identify the account. Those allegations arose from the Lawyers' Fund for Client Protection's notice to the Committee that escrow checks for $5,000 and for $3,500 had been returned due to insufficient funds. Respondent is further aware that the Committee is investigating allegations that in two civil matters, he filed papers in court containing false information regarding his actions in those cases, and neglected and misrepresented the status of the matters to his clients, his law partners and the court. Additionally, the Committee alleges that respondent has

not fully and timely cooperated with the investigation. Finally, respondent admits that he is delinquent in his attorney registration fees and has not registered with Office of Court Administration for the biennial periods 2009/10 and 2011/12, as required under Judiciary Law § 468-a.

Respondent acknowledges that his resignation is subject to the Committee's possible application for an order that he make restitution and reimburse the Lawyers' Fund pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of this Court to issue such an order, which may be entered as a civil judgment, and he waives the opportunity afforded to him under Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto. Respondent has consulted with counsel of his choice and has determined that it is appropriate to submit his resignation at this time.

Accordingly, the Committee's motion is granted, respondent's resignation from the practice of law is accepted, and his name is hereby stricken from the roll of attorneys nunc pro tunc to June 28, 2013.

RENWICK, J.P., DEGRASSE, FREEDMAN, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 28, 2013.